**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHU XIONG DONG,<br><br>                    Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 12-71669<br><br>Agency No. A095-448-360<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Shu Xiong Dong, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his second motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

review for an abuse of discretion the BIA's denial of a motion to reopen.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

For a second time, Dong argues the BIA should have reopened his case based on changes in China's country conditions with respect to Falun Gong practitioners and based on the birth of his second child in the United States. The BIA did not abuse its discretion in denying Dong's motion to reopen as time-barred and number-barred, *see* 8 C.F.R. § 1003.2(c)(2), where Dong failed to demonstrate he qualified for an exception to the limitations on motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3); *Najmabadi*, 597 F.3d at 986 (we "defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law") (citation omitted).

**PETITION FOR REVIEW DENIED.**